UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  Case No: 14-29057-JKO

ADAM FEINSTEIN

Chapter 11

Debtor.
_____/

## DEBTORS' PLAN OF REORGANIZATION
## DATED JANUARY 29, 2015

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Adam Feinstein (the "Debtor") from future income derived from the Debtor's employment and rental income.

This Plan provides for four classes. The first class is priority claims, if any, the second class is secured claims that are unimpaired, the third class is a secured claim crammed down as part of the confirmation process, the fourth class is secured claim crammed down as part of the confirmation process and the fifth class is the general unsecured creditors holding allowed claims that will receive distributions, which the proponent of this Plan has valued at approximately 12%. This Plan also provides for the payment of administrative claims including the payment of administrative attorneys fees of the Debtor's counsel.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1.    Priority Claims
2.02 Class 2.    Secured Creditors (Unimpaired)
2.03 Class 3.    Secured Creditors (Cram Down)
2.04 Class 4.    Secured Creditors (Cram Down)
2.05 Class 5.    General Unsecured Creditors

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, if any, are not in classes. These claims will be paid in full by month 60 of the Plan.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code, which shall include 100% of the allowed fees and costs approved by this court in favor of the Law Office of Trey E. Miller, P.A. will be paid 100% of its pro-rata share of the scheduled plan payment (such share being based solely against other administrative or priority tax claims only) starting on the effective date of this Plan (as defined in Article VII), or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim, if any, will be paid 100% of its pro-rata share of the scheduled plan payment (such share being based solely against other administrative or priority tax claims only) starting on the effective date of this Plan (as defined in Article VII), but in no event will its total allowed claim be paid in more than five (5) years from the date of the order for relief herein.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.05    Notwithstanding any other provisions of the Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), within ten (10) days of the entry of the order confirming the Plan, for pre-confirmation periods and simultaneously file all the Monthly Operating Reports for the relevant periods, indicating the cash disbursements for the relevant period. The Debtor, as Reorganized Debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), based upon all post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the Reorganized Debtor, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the Reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment, and concurrently filed with the Court, Post-Confirmation Quarterly Operating Reports indicating all the cash disbursements for the relevant period.

### ARTICLE IV
### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

### Class 1 – Administrative Claims

**Each holder of an Allowed Priority Claim against any of the Debtor's estate shall not be impaired under the Plan and, pursuant to section 1124 of the Bankruptcy Code, all legal, equitable, and contractual rights of each holder of an Allowed Priority Claim in respect of such Claim shall be fully reinstated and retained, and such holder of an Allowed Priority Claim shall be paid in accordance with the Disclosure Statement or on its due date (whichever is later in time) in full.**

### Class 2 – Secured Creditors (Unimpaired)

Class 2 consists of secured claims that are unimpaired. The Debtor is surrendering the subject real property in full satisfaction of Creditor's secured claims and Class 2 secured creditors shall receive no distribution from the bankruptcy estate.

### Class 3 – Secured Creditors – (Cram Down)

Class 3 consists of secured creditor Wells Fargo Home Mortgage that holds a 1st mortgage on Debtor's investment property (1850 S. Ocean Drive, #1906, Hallandale Beach, FL 33009) that has been crammed down by pursuant to 11 U.S.C. §506 and that will be paid as set forth in the Disclosure Statement.

### Class 4 – Secured Creditors – (Cram Down)

Class 4 consists of secured creditor US Bank Trust, N.A., that holds a 1st mortgage on Debtor's investment property (1850 S. Ocean Drive, #1705, Hallandale Beach, FL 33009) that has been crammed down by pursuant to 11 U.S.C. §506 and that will be paid as set forth in the Disclosure Statement.

### Class 5 – General Unsecured Claims

Class 5 consists of all general unsecured claims who file timely, allowed claims. Unsecured creditors will receive a 12%, proportional share over Debtor's 60-month plan. These claims will begin to receive payment upon the effective date of the Plan.

NOTICE TO CLASS – GENERAL UNSECURED CREDITORS: Pursuant to 11 U.S.C. §1129(a)(15), if you object to confirmation of the Plan, the value of the property to be distributed under the Plan shall not be less than the projected disposable income of the

Debtor (as defined is 11 U.S.C. §1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer).

## TREATMENT SUMMARY:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br><br>Priority Claims | Unimpaired | The IRS has a priority claim in this Plan that will be paid in full over 60-months. |
| Class 2<br><br>Secured Creditors (Unimpaired) | Unimpaired | The unimpaired, Class 2 claims will not receive a distribution from the bankruptcy estate as the real property will be surrendered in full satisfaction of claims. |
| Class 3<br><br>Secured Creditor (Cram Down) | Impaired | Each holder of a Class 3 Secured Claim by Cram Down against the Debtor will receive, on the Plan Distribution Date (unless such holder's claim has been disputed or objected to), 100% of its allowed secured claim payable over 360 months, paid at the amount set forth in the Disclosure Statement. |
| Class 4<br><br>Secured Creditor (Cram Down) | Impaired | Each holder of a Class 4 Secured Claim by Cram Down against the Debtor will receive, on the Plan Distribution Date (unless such holder's claim has been disputed or objected to), 100% of its allowed secured claim payable over 360 months, paid at the amount set forth in the Disclosure Statement. |
| Class 5<br><br>General Unsecured Creditors | Impaired | Each holder of a Class 5 General Unsecured Claim against the Debtor will receive, on the Plan Distribution Date (unless such holder's claim has been disputed or objected to), its Pro Rata Share of 100% of the Monthly Plan Payment, less administrative expenses and priority tax claims, based upon at 12% distribution paid over 60 months. These claims will begin to receive payment upon the effective date of the Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest have filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such

claim as disputed, contingent, or unliquidated.

    5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

    5.03    Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### ARTICLE VI
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    Assumed Executory Contracts and Unexpired Leases.

    (a)    The Debtor assumes the following executor contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

**NONE.**

    (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than twenty (20) days after the date of the order confirming this Plan.

### ARTICLE VII
### GENERAL PROVISIONS

    7.01    Definitions and Rules of Construction. The definitions and rules of Construction set forth in §101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

    7.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    7.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and

operative effect of any other provision of this Plan.

7.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions. The headings contained in this Plan are for convenience or reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07    Reservation of Rights Under Sections 1141(d)(5) and 350(a).

(1)    Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein, upon completion all payments required under the Plan to Class 1, 3, 4, and 5 creditors. Upon the satisfaction of all payments required under the Plan to Class 1, 3, 4, and 5 creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

(2)    Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

a.    The Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (i) payment of the Initial Payment (defined in the Plan) to Class 1, 3, 4, and 5 creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

b.    The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties. The Court may grant the Motion to Close, pursuant to 11 U.S.C. § 350(a), if each of the above conditions have been met.

c.    During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the treatment of creditor claims that existed as of the bankruptcy petition date, that being August 25, 2014, as long as the Debtor continues

to be in compliance with the Plan and the Court's Order Confirming Debtor's Plan of Reorganization and Setting Bar Date for Lease and Executor Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtor timely makes all of the payments to Class 1, 3, 4, and 5 creditors, as contemplated under the Plan.

        d.      Upon the satisfaction of all payments required under the Plan to Class 1, 3, 4, and 5 creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to Class 1, 3, 4, and 5 creditors.

        e.      Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Class 1, 3, 4, and 5 creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

### ARTICLE VIII
### DISCHARGE OF DEBTOR

Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge upon completion of all payments under the Plan, or as otherwise provided in §1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

ADAM FEINSTEIN, Debtor-in-Possession

By: _____
ADAM FEINSTEIN